UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN P TATE,

        Plaintiff,

  v.                                             Case No. 09-C-169

WARDEN LARRY JENKINS, TONY O'BRIEN,
CHAD ENGEBREGTSEN, MARY HANSER,
MARK STAHL, STEVE SCHULER,
CURTISS JANSSEN, BRETT BUTEYN,
SCOT GALLIGAN, MICHAEL BENSON,
ROSIE EICKOFF, and SUSAN CRAWFORD,

        Defendants,

## ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to prepay the filing fee, he can request leave to proceed in forma pauperis. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $8.83. After reviewing his affidavit of indigence, I am satisfied that plaintiff cannot afford to prepay the filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is incarcerated at the Kettle Moraine Correctional Institution (KMCI). According to the complaint, on December 31, 2006, he mailed a grievance to political officials in Madison, Wisconsin, complaining about staff misconduct at KMCI. Plaintiff received a letter back from Wisconsin State Senator Gwen Moore stating that she had referred his grievance to the DOC and had requested defendant Susan Crawford, DOC executive assistant, to review the matter and respond to plaintiff.

Plaintiff alleges that on February 1, 2007, defendant Chad Engebregtsen, a captain at KMCI, confronted plaintiff, threatened him, and told him that he had "put a target on his back for writing the grievance." (Compl. at 5.) Engebregtsen then wrote plaintiff a false conduct report (#1823119) in retaliation for the grievance against KMCI. A second false conduct report was written against plaintiff (#1824974), this time by defendant Benson, for allegedly having too much legal property. This conduct report was also written in retaliation for plaintiff's grievance against KMCI staff. Plaintiff claims that defendants Jenkins, O'Brien, Schuler, Galligan, Stahl, Hanser, Crawford, Janssen, Benson, Eickoff, and Buteyn conspired to retaliate against him for writing the grievance by: 1) writing false disciplinary charges and false inter-office memorandum; 2) depriving plaintiff of his due process rights by finding him guilty of false charges without supporting evidence; 3) depriving plaintiff of his medium

3

custody status; and 4) confiscating plaintiff's mail, legal property, and files as a means to stop him from pursuing the matter.

The complaint sets forth four causes of action: 1) retaliation for writing a grievance to government officials about prison conditions and staff conduct, by writing false conduct reports, confiscating plaintiff's legal property and mail, and taking his medium custody status; 2) conspiracy to approve and submit false documentation in an official proceeding and to administrative personnel to deprive plaintiff of his right to due process; 3) conspiracy to deprive plaintiff of his right to due process of law by not allowing him to present evidence in his behalf for his due process hearing and by finding him guilty of the false charges without supporting evidence; and 4) conspiracy to deprive plaintiff of his personal and legal property without cause for writing a grievance, in violation of Article I §§ 3 and 4 of the Wisconsin Constitution, and Wis. Stat. §§ 893.51, 893.52, and 893.57. Plaintiff seeks declaratory, injunctive, and monetary relief.

The court finds that plaintiff may proceed on retaliation and due process claims as set forth above. He may also proceed on claims that defendants conspired to retaliate and to deprive him of his due process rights. Finally, plaintiff may proceed on his supplemental state law claims.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of

Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $341.17 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P.

5

Case 2:09-cv-00169-JPS   Filed 06/17/09   Page 5 of 6   Document 8

5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 16 day of June, 2009.

/s_____
LYNN ADELMAN
District Judge