UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN P. TATE,

        Plaintiff,

v.                                               Case No. 09-CV-169

WARDEN LARRY JENKINS, TONY O'BRIEN,
CHAD ENGEBREGTSEN, MARY HANSER,
MARK STAHL, STEVE SCHULER, CURTISS JANSSEN,
BRETT BUTEYN, SCOT GALLIGAN, MICHAEL BENSON,
ROSIE EICKOFF, and SUSAN CRAWFORD,

        Defendants.

**ORDER**

The plaintiff, Sean P. Tate, who is incarcerated at the Kettle Moraine Correctional Institution, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. He was granted leave to proceed *in forma pauperis* on the following claims: (1) retaliation for writing a grievance to government officials about prison conditions and staff conduct, including writing false conduct reports, confiscating plaintiff's legal property and mail, and taking his medium custody status; (2) conspiracy to approve and submit false documentation in an official proceeding and to administrative personnel to deprive plaintiff of his right to due process; (3) conspiracy to deprive plaintiff of his right to due process of law by not allowing him to present evidence in his behalf for his due process hearing and by finding him guilty of the false charges without supporting evidence; and (4) conspiracy to deprive plaintiff of his personal

and legal property without cause for writing a grievance, in violation of Article I §§ 3 and 4 of the Wisconsin Constitution, and Wis. Stat. §§ 893.51, 893.52, and 893.57.

Before the court is the plaintiff's "Motion to Compel, and for In Camera Review." He requests that the court compel the defendants to: (1) produce for inspection and copying documents from request numbers 1, 2, 3, 5, 8, 10, 11, 13, 14, 17, and 20 from his October 2, 2009 Request for Production of Documents (Pl.'s Ex. 1); (2) supplement or respond to request numbers 4, 5, 6, 9, 14, and 16 from his October 2, 2009 Request for Interrogatories (Pl.'s Ex. 2), and numbers 4 and 5 from his November 16, 2009 Request for Interrogatories (Pl.'s Ex. 17); and (3) supplement or respond to numbers 4, 5, 9, 10, 11, 12, and 16 from his November 16, 2009 Request for Admissions (Pl.'s Ex. 18).

A party is permitted to file a motion to compel discovery where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. *See* Fed. R. Civ. P. 37(a)(3) and (4). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency

or extent of discovery otherwise allowed if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

In this case, the defendants provided responses to the plaintiff's October 2, 2009 Request for Interrogatories and the plaintiff's displeasure with the responses does not form the basis for granting a motion to compel. (*See* Pl.'s Ex. 2.) The court also finds that the defendants properly responded to the admissions at issue in the plaintiff's First Request for Admissions. (*See* Pl.'s Ex. 18.)

With regard to the plaintiff's November 16, 2009 Request for Interrogatories, the defendants appropriately objected to Request No. 5 because Officer T. Immel is not a defendant and because the question is not relevant. The defendants also objected to Request No. 4 and to the extent that their objection was based on Officer Immel and Officer Dhein not being defendants, the objection is valid. The objection is also valid as to "any defendant" because in order to admit prior "bad acts" evidence, such evidence must bear a singular strong resemblance to the pattern of

-3-

Case 2:09-cv-00169-JPS   Filed 05/10/10   Page 3 of 5   Document 89

the offense charged, and no such resemblance is indicated here. *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000) (quoting *United States v. Robinson*, 161 F.3d 463, 468 (7th Cir. 1998)). (*See* Pl.'s Ex. 17.)

Turning to the plaintiff's October 2, 2009 Request for Production of Documents, the court finds that Request No. 8 is reasonable and highly relevant.[1] If the defendants' security-related objection cannot be addressed by redacting certain information, the defendants may submit the documents to the court for *in camera* review. In Request No. 1, the plaintiff seeks documents concerning misconduct, reprimands, internal administrative complaints filed, or disciplinary action taken against Officers Timothy Immel, Mark Stahl, Tony O'Brien, Michael Benson, Scot Galligan, Chad Engebregtsen, Mary Hanser, Curtiss Janssen, and Brett Buteyn, from the year 2000 to the present. In Request No. 2, the plaintiff seeks work performance evaluations of the defendants and Officer T. Immel from the year 2000 to the present. The defendants object to both requests due to institutional security concerns. However, there may be documents in the defendants' personnel files that may be admissible as evidence in this case. The court will require the

---

[1] REQUEST NO. 8: A copy of any and all documents, or incident reports, discussing or containing any investigations or action taken, by defendants regarding the facts alleged in plaintiff's Dec. 31, 2006 letter to Senator Gwen Moore.

RESPONSE: Counsel for the defendants OBJECTS to this document request on the grounds that this information is confidential in nature for security reasons and releasing this information would breach the security of the institution.

(Pl.'s Ex. 1.)

-4-

defendants to submit any information contained in their personnel files that a defendant was found to have committed a disciplinary infraction or a crime concerning retaliation or conspiracy to retaliate. If the defendants' security-related objections cannot be addressed by redacting certain information, the defendants may submit the documents to the court for *in camera* review. The court finds that the remainder of the defendants' responses and/or objections to the plaintiff's October 2, 2009 Request for Production of Documents are valid. (*See* Pl.'s Ex. 1.)

The plaintiff has filed a motion for extension of time to file a response to the defendants' motion for summary judgment and to file his own partial summary judgment motion. However, on April 19, 2010, the plaintiff filed both his response and his motion for partial summary judgment. The parties summary judgment motions will be addressed in a subsequent order. Accordingly,

**IT IS ORDERED** that the plaintiff's motion to compel (Docket #60) be and the same is hereby **GRANTED in part and DENIED in part** as described herein.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #71) be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-5-